**UNITED STATES of America, Appellee,**

v.

**George William OGLE, Appellant.**

**No. 78–1476.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 20, 1978.

Decided Dec. 6, 1978.

Michael G. Singer, Minneapolis, Minn., for appellant; Larry G. Rapoport, Minneapolis, Minn., on brief.

Richard E. Vosepka, Jr., Asst. U. S. Atty., Minneapolis, Minn., for appellee; Andrew Danielson, U. S. Atty., Minneapolis, Minn., on brief.

Before GIBSON, Chief Judge, and BRIGHT and STEPHENSON, Circuit Judges.

PER CURIAM.

George William Ogle appeals from his convictions after a jury trial for importing heroin, in violation of 21 U.S.C. § 952(a) (count I), and conspiring to import heroin, in violation of 21 U.S.C. §§ 846 and 952(a) (count II). The district court[1] sentenced Ogle to seven years' imprisonment, to be followed by a three-year special parole term. On this appeal, Ogle asserts the district court erred (1) in refusing to grant a judgment of acquittal or a new trial on the ground that the evidence was insufficient to sustain the conviction, and (2) in permitting the Government to introduce evidence that appellant had been convicted under Japanese law of transferring heroin on another occasion. Upon review of the record, we conclude that the trial court committed no prejudicial error in the trial of this case and that the prosecution produced ample evidence to support the convictions. Accordingly, we affirm.

I.

The principal witnesses against Ogle at trial were his alleged coconspirator, David Smith, and Smith's wife, Darlene.[2] The Smiths testified that they became acquainted with Ogle in 1973 in Japan, where David Smith was stationed. While in Okinawa, Japan, Smith was convicted under Japanese law of distributing heroin and received a sentence of two and one-half years' imprisonment. After his release, he and his wife returned to the United States in 1974. The Smiths corresponded with Ogle, who had remained in the Far East.

The Smiths further testified that in the fall of 1975 a package containing coloring books and pens arrived from overseas at their home in Anoka, Minnesota. A short time later, Ogle called from Singapore and indicated that the pens contained heroin. Smith then opened the pens and found a total of twenty-four grams of heroin. Some of this Smith and his wife used, and the rest they sold for $7,000–$8,000.

Thereafter, according to Smith, he and Ogle made arrangements for a second shipment of heroin. On January 10, 1976, Smith sent a $1,000 money order to Ogle in Singapore. When the shipment did not arrive within a couple of weeks, Smith contacted Ogle and told him he had not yet received the heroin. On March 17, 1976, Ogle sent Smith a letter in which he indicated that the heroin should have arrived. The letter also suggested future drug deals. Finally, on April 7, 1976, the expected package arrived at the Anoka post office. The Smiths picked up the package and returned home, where they were arrested for narcotics violations.[3]

---

1. The Honorable Donald D. Alsop, United States District Judge for the District of Minnesota.

2. At the time of Ogle's trial, David Smith was serving a six-year sentence in federal prison for possession with intent to distribute the heroin he had received from Ogle. His wife was on probation after pleading guilty to a related charge of possession of heroin.

3. The arrest resulted from an investigation by the Drug Enforcement Administration Narcotics Task Force. When the package arrived at the Anoka post office on April 7, 1976, agents of the Task Force obtained a warrant to search the package. In it they found two ounces of heroin. The agents then replaced most of the heroin with a cutting agent and returned the package to the post office. After observing the Smiths pick up the package and return home,

The Smiths' testimony contained a gap in that they did not identify appellant as the person named Ogle whom they had met in Japan and from whom they had imported the heroin. David Smith, a reluctant witness for the Government, refused to identify Ogle, and the prosecution did not ask Darlene Smith to do so.

Evidence found in the Smiths' home, however, pointed to appellant as the person named Ogle who had shipped the heroin to the Smiths. The key evidence was the letter sent by Ogle on March 17, 1976, to assure Smith that the second shipment of heroin was on its way and to propose further narcotics transactions. A document analyst testified that, on the basis of his analysis, the handwriting on the letter was that of appellant. In addition, the customs declaration on the package containing the heroin included a return address at the Nana Hotel in Bangkok, Thailand, which matched an address given by Ogle upon his arrest on the present charges. Moreover, Darlene Smith's address book contained Singapore and Indiana addresses shown as belonging to Ogle that were identical to other addresses which Ogle gave when he was arrested. The Indiana address shown for "William George Ogle" in Darlene Smith's address book also matched Ogle's United States address given in the record of his Japanese conviction. The prosecution introduced evidence of all of these addresses at trial.

█ Upon review of the record as a whole, we conclude that the jury had sufficient evidence enabling it to find that appellant Ogle committed the charged offenses.

II.

Ogle also contends that the trial court erred in admitting into evidence the record of his Japanese conviction of transferring heroin to another person.

The court did not submit the document embodying the Japanese judgment of conviction to the jury but, instead, told the jury that the judgment indicated Ogle was convicted in a Japanese court on March 29, 1974, of transferring heroin to another on March 17, 1973. The court also read to the jury the Indiana address listed on the Japanese judgment as Ogle's home of record.

The Government offered evidence of Ogle's Japanese conviction solely for the purpose of establishing that the appellant, Ogle, was the Ogle whom the Smiths knew in Japan. The record of that conviction established that appellant was in Japan in 1973 during the same period that the Smiths were in Japan. Thus, that evidence was probative on the issue of Ogle's identity, and the district court admitted it on that issue under Fed.R.Evid. 404(b).[4]

█ Appellant urges that admission of the conviction was error because the Japanese system does not afford due process protections granted a defendant in this country. Even if that were true, it would be irrelevant, for a conviction in a foreign court easily falls within the scope of "other crimes, wrongs, or acts" admissible under Rule 404(b) for the purpose of proving a matter such as identity. *See United States v. Nolan*, 551 F.2d 266, 270 (10th Cir.), *cert. denied*, 434 U.S. 904, 98 S.Ct. 302, 54 L.Ed.2d 191 (1977).

█ Evidence admissible under Fed.R. Evid. 404(b) may be excluded pursuant to Fed.R.Evid. 403 if its probative value is substantially outweighed by the danger of unfair prejudice. Here the district court lessened the danger of prejudice arising from the Japanese conviction by explaining the limited purpose of that evidence and instructing that such a conviction "cannot

the agents obtained another search warrant, found the opened package in the Smiths' home, and arrested the Smiths.

4. Fed.R.Evid. 404(b) provides:

    (b) *Other crimes, wrongs, or acts.* Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person

in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

and shall not be considered by you as proof of the character of the defendant." In any event, even if the trial court erred in admitting evidence of the Japanese conviction, that ruling constituted harmless error because of the strong evidence otherwise linking appellant to the mailing of the heroin from Thailand to the David Smith residence in the United States.

Accordingly, we affirm the convictions.